UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GREGORY SCOTT BAKER,<br><br>Defendant. | Case No. 2:24-mc-00271-TLN-CSK<br><br>FINDINGS AND RECOMMENDATIONS FOR A FINAL ORDER OF CONTINUING GARNISHMENT<br><br>(ECF No. 7) |

Presently before the Court is Plaintiff United States of America's Request for Findings and Recommendations for a Final Order of Continuing Garnishment pursuant to 28 U.S.C. § 3205(c)(7).[1] Pl.'s Req. (ECF No. 7). Plaintiff requests a final order of continuing garnishment against twenty-five percent (25%) of the non-exempt disposable earnings of Defendant Gregory Scott Baker ("Debtor"), the defendant in criminal case number 2:12-cr-00294 (E.D. Cal.). For the reasons stated below, the Court recommends granting Plaintiff's request.

I.     BACKGROUND

On May 26, 2016, Debtor was sentenced in criminal case number 2:12-CR-000294, and ordered to pay a statutory assessment of $300.00 and restitution in the

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636 and Local Rule 302(c).

amount of $18,509,296.00. *United States v. Gregory Scott Baker*, Case No. 2:12-cr-00294-TLN (E.D. Cal. 2016), (ECF Nos. 180, 182). Plaintiff proffers that as of July 3, 2024, Debtor still owes $5,854,276.92, with no interest accruing. Pl.'s Req ¶ 2. To collect the judgment owed by Debtor, on July 3, 2024, Plaintiff commenced this miscellaneous action by filing an application for a writ of continuing garnishment of the earnings of Debtor, through the Garnishee Solace Enterprises, Inc. ("Garnishee"). (ECF No. 1.)

On July 12, 2024, the Clerk of the Court issued the writ of continuing garnishment of earnings. (ECF No. 3.) On July 18, 2024, Plaintiff filed a certificate of service demonstrating the Garnishee was served with the writ of continuing garnishment and related materials. (ECF No. 4.) On July 23, 2024, Plaintiff filed a certificate of service demonstrating the Debtor was served at his last known address with: (1) instructions to Debtor on how to claim exemptions and claim for exemption form; (2) instructions to Debtor re: objecting to the answer of garnishee; (3) the application for writ of continuing garnishment; (4) the issued writ of continuing garnishment; (5) the issued Clerk's notice to Debtor re: writ of continuing garnishment; and (5) a judgment debtor's request for hearing form. (ECF No. 5.)

On July 29, 2024, the Garnishee served its acknowledgment of service and answer, confirming that Debtor is an employee of Garnishee and identifying the Debtor's gross weekly pay, mandatory withholdings, and interest in an employee sponsored retirement plan. ECF No. 6 at 1-2. The answer was served on Debtor on July 29, 2024. *Id.* at 2-3. On August 29, 2024, Plaintiff filed the instant request for findings and recommendations for a final order of garnishment. Pl.'s Req.

## II. LEGAL STANDARDS

The Federal Debt Collection Procedure Act pursuant to 28 U.S.C. §§ 3001, *et seq*. (the "FDCPA"), "sets forth the 'exclusive civil procedures for the United States…to recover a judgment on…an amount that is owing to the United States on account of…restitution.'" *United States v. Mays*, 430 F.3d 963, 965 (9th Cir. 2005) (quoting 28 U.S.C. §§ 3001(a)(1), 3002(3)(B)). Under the Mandatory Victims Restitution Act

("MVRA"), the United States may enforce a judgment imposing a fine, including restitution, in accordance with the practices and procedures for enforcing a civil judgment under the FDCPA. *See Mays*, 430 F.3d at 965 n.2. The FDCPA provides that "[a] court may issue a writ of garnishment against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor." 28 U.S.C. § 3205(a). "Disposable earnings" is defined as "that part of earnings remaining after all deductions required by law have been withheld." 28 U.S.C. § 3002(5). "Nonexempt disposable earnings," in turn, "means 25 percent of disposable earnings, subject to section 303 of the Consumer Credit Protection Act." 28 U.S.C. § 3002(9). The principal restriction imposed by the Consumer Credit Protection Act is that garnishment of an individual's disposable earnings is limited to twenty-five percent of the debtor's weekly earnings. 15 U.S.C. § 1673(a)(1). Additionally, "the United States is entitled to recover a surcharge of 10 percent of the amount of the debt in connection with the recovery of the debt, to cover the cost of processing and handling the litigation and enforcement…of the claim for such debt." 28 U.S.C. § 3011(a).

Under the FDCPA, the United States is required to provide the judgment debtor with notice of the commencement of garnishment proceedings. 28 U.S.C. §§ 3202(b)-(c). The judgment debtor has twenty (20) days after receipt of the notice to request a hearing, during which the judgment debtor may move to quash any order granting the garnishment. 28 U.S.C. § 3202(d). If a garnishment hearing is held, it is limited to the issues of: (1) "the probable validity of any claim of exemption by the judgment debtor;" (2) "compliance with any statutory requirement for the issuance of the postjudgment remedy granted;" and (3) "if the judgment is by default and only to the extent that the Constitution or another law of the United States provides a right to a hearing on the issue, to—(A) the probably validity of the claim for the debt which is merged in the judgment; and (B) the existence of good cause for setting aside such judgment." *Id.*

## III. DISCUSSION

Plaintiff states that as of July 3, 2024, Debtor still owed restitution in the amount of $5,854.276.92, with such amount not accruing interest. Pl.'s Req ¶ 2. Among other things, the documents served on July 23, 2024, advised Debtor of his rights to claim exemptions to garnishment, to object to the Garnishee's acknowledgement of service and the Garnishee's answer, and to request a hearing. (ECF No. 5.) Specifically, Debtor was advised that he had twenty (20) days from the date he received the Garnishee's answer to claim exemptions or request a hearing in opposition as required by 28 U.S.C. § 3202(d). ECF No. 5-1 at 1. Debtor has not filed any opposition to this garnishment proceeding, has not claimed exemptions, has not objected to the answer, and has not requested a hearing. The time to do so has also expired. Accordingly, the Court will recommend that an order issue directing the Garnishee as to the disposition of Debtor's nonexempt disposable wages.

Plaintiff also seeks to recover a ten percent (10%) litigation surcharge of the judgment amount balance pursuant to 28 U.S.C. § 3011(a). Pl.'s Req. ¶ 9(C). The FDCPA provides that the United States is entitled to recover a litigation surcharge in connection with the recovery of a debt. 28 U.S.C. § 3011(a). A defendant's criminal monetary penalties, including the assessment, fine, and restitution, all constitute "debt" as defined by the FDCPA. 28 U.S.C. § 3002(3)(B). The debt recovery action must be one that arises under the FDCPA's pre-judgment remedies or post-judgment remedies. 28 U.S.C. § 3011(a). Plaintiff's garnishment action here is a qualifying post-judgment remedy under 28 U.S.C. § 3205. Subject to exclusions not applicable here, § 3011 provides that the recoverable surcharge amount is 10% of the debt. 28 U.S.C. § 3011(a). Here, Plaintiff seeks a litigation surcharge in the amount of $585,427.69. Pl.'s Req. ¶ 9(C). This amount represents 10% of the 5,854,276.92 owed as of July 3, 2024. *Id*. at ¶¶ 2, 9(C). Because Plaintiff is entitled to a 10% surcharge on the amount of the debt owed pursuant to 28 U.S.C. § 3011(a), the Court will recommend a litigation surcharge be awarded in the amount of $585,427.69. *See* 28 U.S.C. § 3011(a); *United States v.*

*Crosby*, 2022 WL 3211750, at *2 (E.D. Cal. Aug. 9, 2022) (recommending a 10% litigation surcharge of $212,868.58 be granted), *report and recommendation adopted*, 2:22-mc-00180-JAM-KJN, Dkt No. 21 (E.D. Cal. Sept. 9, 2022); *United States v. Brady*, 2022 WL 1684550, at *3 (E.D. Cal. May 26, 2022) (recommending a 10% litigation surcharge), *report and recommendation adopted*, 2022 WL 2344109 (E.D. Cal. June 29, 2022).

## IV.   CONCLUSION

Based upon the findings above, the Court **RECOMMENDS**:

1. Plaintiff's Request for Findings and Recommendations for a Final Order of Continuing Garnishment (ECF No. 7) be GRANTED;
2. Garnishee Solace Enterprises, Inc., be directed to pay the Clerk of the United States District Court twenty-five percent (25%) of Debtor Gregory Scott Baker's ongoing and non-exempt disposable earnings, including, but not limited to wages, earnings, commissions, and bonuses;
3. Garnishee Solace Enterprises, Inc., be directed to pay the Clerk of the United States District Court the amount of non-exempt disposable earnings already held pursuant to the writ, including, but not limited to wages, earnings, commissions, and bonuses, within fifteen (15) days of the filing of the Final Order. Payment shall be made in the form of a check, money order, or company draft, made payable to the "Clerk of the Court" and delivered to:

    Office of the Clerk, United States District Court
    501 I St., Rm. 4-200
    Sacramento, CA 95814

    The criminal docket number (2:12-CR-00294-TLN) shall be stated on the payment instrument;
4. Plaintiff be entitled to recover a $585,427.69 litigation surcharge after satisfaction of the judgment amount owed by Debtor Gregory Scott Baker; and
5. The garnishment shall terminate when the United States seeks to terminate

the writ or when the judgment amount and litigation surcharge are fully satisfied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  December 18, 2024

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, usa0271.24